**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

MANUEL DE JESUS SALMERON, *et al.*    )
    )
    *Petitioners*,    )
    )
    v.    )    1:25-cv-1998 (PTG/WBP)
    )
KRISTI NOEM, *et al.*    )
    )
    *Respondents*.    )
    )

## ORDER

This matter comes before the Court on Petitioners Manuel de Jesus Salmeron, Jose Enoc Flores-Cruz, and Jesus Gutierrez Estrada's Petition for a Writ of Habeas Corpus (the "Petition"). Dkt. 1. Petitioner Manuel de Jesus Salmeron is a citizen and national of El Salvador, who entered the United States without inspection on or about May 2006. *Id.* ¶ 35. According to the Petition, on August 12, 2025, Petitioner Salmeron was detained during a traffic stop on his way to work with his son. *Id.* ¶ 37. Petitioner Salmeron is currently detained at the Farmville Detention Center in Farmville, Virginia, which is within this Court's jurisdiction. *Id.* ¶ 38.

Petitioner Jose Enoc Flores-Cruz is a citizen and national of El Salvador, who entered the United States without inspection on or about February 2010. *Id.* ¶ 42. According to the Petition, on October 15, 2025, Petitioner Flores-Cruz was detained while he was getting into his car on his way to work. *Id.* ¶ 44. Petitioner Flores-Cruz is currently detained at the at the Farmville Detention Center in Farmville, Virginia, which is within this Court's jurisdiction. *Id.* ¶ 45.

Petitioner Jose Arturo Gutierrez-Estrada is a citizen of Mexico, who entered the United States without inspection on or about March 2001. *Id.* ¶ 49. According to the Petition, on or about October 27, 2025, Petitioner Gutierrez-Estrada was arrested while having coffee in a McDonald's

1

parking lot. *Id.* ¶ 51. Petitioner Gutierrez-Estrada is currently detained at the at the Farmville Detention Center in Farmville, Virginia, which is within this Court's jurisdiction. *Id.* ¶ 52.

Petitioners now bring suit against Jeffrey Crawford, Warden of the Farmville Detention Center, and others, alleging that their continued detention violates their constitutional rights. *Id.* ¶¶ 8-13. Respondents contend that Petitioners' detention is mandatory under 8 U.S.C. § 1225(b)(2)(A). Dkt. 5 at 6-20. Upon consideration of the Petition (Dkt. 1), Respondents' Opposition (Dkt. 5), and Petitioners' Reply (Dkt. 10), the Court concludes that each Petitioners is entitled to a bond hearing. Thus, the Petition is **GRANTED**.

Despite Respondents' arguments to the contrary, the Court finds that Petitioners are not "applicants for admission" and are therefore not subject to detention under 8 U.S.C. § 1225(b). This Court rejects Respondents' assertion that any immigrant without lawful status, including the Petitioners, is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). *See* Dkt. 5 at 6-20. As Respondents concede, this Court, and others in this District, have repeatedly rejected Respondents' assertion. *See, e.g.*, *Hasan v. Crawford*, No. 1:25-cv-1408, 2025 WL 2682255, at *5-9 (E.D. Va. Sept. 19, 2025; *Quispe-Ardiles v. Noem*, No. 1:25-cv-1382, 2025 WL 2783800, at *6 (E.D. Va. Sept. 30, 2025); *Garcia v. Noem*, No. 1:25-cv-1712, 2025 WL 3111223, at *3 (E.D. Va. Nov. 6, 2025); Dkt. 5 at 1-2. Courts outside of this jurisdiction have also been unequivocal in their rebuff of Respondents' actions. *See Echevarria v. Bondi*, 2025 WL 2821282, at *4 (D. Ariz. Oct. 3, 2025) ("[M]any district courts across the country have grappled with the same issue, and it appears that all but one of them has rejected Respondents' position."); *see also* Dkt. 10-1 (collecting two-hundred and eighty-two cases holding the same). To be clear, "§ 1225 applies to arriving aliens whereas § 1226 generally governs the process of arresting and detaining aliens present in the

United States pending their removal." *Hasan*, 2025 WL 2682255, at *6 (quotation marks omitted) (quoting *Rodriguez v. Perry*, 747 F. Supp. 3d 911, 916 (E.D. Va. 2024)).

Petitioner Salmeron has resided in the United States for nearly two decades since his entry into the country in 2006. Dkt. 1 ¶¶ 35-36.

Petitioner Flores-Cruz has resided in the United States for more than a decade since his entry into the country in 2010. *Id.* ¶¶ 42-43.

Petitioner Gutierrez-Estrada has resided in the United States for more than two decades since his entry into the country in 2001. *Id.* ¶¶ 49-50.

Accordingly, Petitioners are entitled to an immediate bond hearing under § 1226(a), and its implementing regulations, before an immigration judge. [1]

Accordingly, it is hereby

**ORDERED** that the Petition for Writ of Habeas Corpus (Dkt. 1) is **GRANTED**; it is further

**ORDERED** that Petitioners be immediately released from custody, with all their personal property, pending their bond hearings before an immigration judge. Petitioners must live at the fixed address corresponding to each individual Petitioner identified in the Release Plan (Dkt. 9) and appear at their bond hearing once the government notifies him of its date, time, and location; it is further

**ORDERED** that Respondents must provide each Petitioner with a standard bond hearing pursuant to 8 U.S.C. § 1226(a) within fourteen (14) days of the date of this Order; it is further

---

[1] Additionally, the Petition alleges, and Respondents have not disputed, that Petitioners have no disqualifying criminal arrests or convictions subject to 8 U.S.C. § 1226(a), nor have Respondents raised any issue of criminal history as to any Petitioner. *See* Dkt. 1 ¶ 59.

3

**ORDERED** that Respondents are **ENJOINED** from denying Petitioners release on bond on the basis that they are subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2); it is further

**ORDERED** that Respondents—along with their officers, agents, servants, employees, attorneys, successors, and assigns, and all persons acting in concert with them—be and are **ENJOINED** from rearresting Petitioners unless he has committed a new violation of any federal, state, or local law, or has failed to attend any properly noticed immigration or court hearing, or pursuant to 8 U.S.C. § 1231(a)(2); and it is further

**ORDERED** that the parties shall file a status report on the status of Petitioners' bond hearing within three (3) days of the bond hearing. The status report shall detail when the bond hearing occurred, if the bond was granted or denied, and if denied, the reasons for that denial.

The Clerk is directed to enter judgment in Petitioners' favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

Entered this 25 day of November, 2025.
Alexandria, Virginia

_____/s/
Patricia Tolliver Giles
United States District Judge

4